[125]     FISHER v. MORGAN.

1. In dower, when the jury do not find that the husband died seized, no damages or costs can be recovered.

2. Whether in an action for dower, when the jury assess damages, this shall be held to include the *mesne* profits. *Quere.*

This was an action for dower, *unde nihil habet,* to which the defendant pleaded *ne unques sei sie,* &c., and at the trial at Gloucester Assizes, in 1791, the jury find—

1st. That John Fisher, the husband of demandant, was seized during coverture of such an estate, &c.

2d. That the yearly value, beyond reprises, is £22.

3d. A demand of dower on the 11th of June, 1788, and the jury assess the damages beyond the value and costs at 12*d.*, and costs 6*d.*

The question arising on the *postea* was, whether as the jury had not found that the husband died seized of the premises, the court could give judgment for the value of the *mesne* profits, damages and costs.

KINSEY, C. J., delivered the opinion of the court.

One question which has been debated is, whether the word *damages* includes the value or *mesne* profits ; or whether there is to be a recovery of the value or third part of the profits, and also damages for the detention, with costs. Upon this subject the books seem irreconcilable. It would appear from *Co. Litt.* 32, *b ;* the statute of *Merton,* 20 *Hen. III., cap.* 1, 1 *Ruffhead* 16 ; 2 *Inst.* 80 ; *Rastal's Entries* 226, *b ; Spiller* v. *Adams,* 8 *Mod.* 25 ; *Hetly* 141, as if the value and damages for detention were not distinguished from each other, but assessed and recovered together under the name of *damages.* But although the word *damna,* properly taken, does include both the *mesne* profits and the *extra* sum for the illegal detention, yet there are not wanting respectable authorities who

appear to regard them as distinct objects of the suit and judgment.    In *Trials per Pais* 333, (a) where the duty of the jury is laid down, it [126] is said, *if they find the husband died seized,* then they are to inquire : 1st. Of the value beyond reprises.    2d. What time has elapsed since the death of the husband.    3d. What damages the demandant has sustained by the detention of the dower.    In *Dennis* v. *Dennis*, 2 *Saund.* 328, (b) the jury find, first, that the husband died seized ; secondly, the value ; thirdly, the damages for the detention, beyond the value and costs, by the name of damages ; fourth, the costs and charges.    The judgment follows, first, to recover seizin of the third part ; second, for the value of the third part ; third, for the damages found by the jury, extra, and the costs of increase ; and the record concludes, *value* and *damages ;* not, as in *Rastal,* which *damages* amount to, &c.    *Clifton* 301, 2, 3 ; *Hoxley* 99 ; *Ashton* 262, 265, seem to confirm this form of entry.

As to the question before the court, it is this : Whether, as the jury have not found that the husband died seized, the court are empowered to give judgment either for the value—the damages for detention—or for costs.  In *Dyer* 284, *a,* it is laid down that " the common practice is, and the precedents of the Court of Common Pleas are, that a woman demandant in dower shall not recover any damages unless the husband died seized ; and this by the statute of *Merton, c.* 1." The same law is laid down in *Doct. and Stud.,* cap. 13, *p.* 140 ; *Co. Litt.* 32, *b ; Yelv.* 112. (c) The form of the writ of inquiry strengthens the authority of these books ; it always directs the jury to inquire if the husband *died seized,* and *if he did,* then

---

(a) " In dower inquiratur si vir obierit seisitus de tenementis preedict, in dominico suo, &c.    Et si ita invenerint tunc quantum tenementa illa valent per annum in omnibus exitibus ultra reprisas, juxta verum valorem eorundem, et quantum tempus dilabitur *a tempore mortis* predicti viri et quædamna petens sustinct *tam occasione detentionis dotis quam premissorum."*

(b) See, also, 2 *Saund.* 45, note (4) by Williams.

(c) See, also, *Tr. per Pais* 333.

Fisher v. Morgan.

to inquire of the value and damages. A note in *Jenk.* 45, seems contrary to this, and to give countenance to the idea that if the husband did not die seized, she shall recover her damages from the time of the *demand* from the tenant. Buller adopts the same doctrine, but in neither of these books is there any other authority cited than 1 *Inst.* 32, *b*, which, as we have seen, establishes the contrary law. The *dicta* of these writers are respectable authorities, but the court are compelled to reject them on the present occasion as not warranted by any judicial opinion, and as insufficient to weigh against the law as it has long been established.

[127] On this *postea*, therefore, the court can render no judgment but for seizin of the third part of the tenements; but no value, damages, or costs can be awarded, because the verdict does not find that the husband died seized.

It may appear hard that one should withhold the widow's dower, live on her property, refuse to do her justice on demand, and yet on a recovery against him of the land be acquitted from making any compensation for the use and detention, and what is still harder, subject the plaintiff to all the expenses which she must incur for the recovery of her just rights. We, however, sit here *dicere et non dare legem*, and cannot control or alter the settled principles of the law in order to accommodate them to our individual ideas of justice and fitness. (*a*)

Whether a remedy may be had in equity. See 2 *Brown Ch. Rep.* 628–9, 633--4 ; 1 *Fonbl. on Eq.* 20, *n* (*g*). Or in another form of action for these damages, is not now before us as a question ; and it would be a matter of supererogation to give an opinion upon it at this time. All that we can at present say, is, that judgment must be entered up for the recovery of seizin of one-third of the tenements with a "*remittitur damna*" of the value of costs, &c.

(*a*) In dower, where the demandant recovers damages, she is entitled to costs. *Hillyer and wife* v. *Larzelere,* 10 *Johns.* 216.

NOTE—This cause was removed by a writ of error before the high Court of Errors and Appeals, who affirmed the judgment of the Supreme Court. See *Delver* v. *Hunter, Bunb.* 57.

CITED *in Martin* v. *Martin,* 2 *Gr.* 129. SEE *Sheppard* v. *Wardell, Coxe* 452.